UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JEFFRIES,<br><br>           Petitioner,<br><br>   v.<br><br>KEN CLARK,<br><br>           Respondent. | No.  2:20-cv-2414 KJN P<br><br><br><br>ORDER |

Petitioner is a state prisoner, proceeding pro se, with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner challenges his 2013 conviction.  On December 21, 2020, petitioner filed a motion for stay and abeyance under Rhines v. Weber, 544 U.S. 269, 276 (2005). Petitioner concedes that claims six and seven are unexhausted, but argues that he has demonstrated his diligence by (a) filing a petition in the superior court on December 20, 2019, which was denied on June 23, 2020; and (b) filing a habeas petition in the California appellate court on September 21, 2020, which is currently pending.

Stay and Abeyance Under Rhines

A district court may, in limited circumstances, stay a mixed petition pending exhaustion of unexhausted claims if:  (1) "the petitioner had good cause for his failure to exhaust;" (2) "his unexhausted claims are potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines, 544 U.S. at 278.  Each of these three

1

1   conditions must be satisfied because, as the court emphasized, "even if a petitioner had good
2   cause for that failure, the district court would abuse its discretion if it were to grant him a stay
3   when his unexhausted claims are plainly meritless." Rhines, 544 U.S. at 277.
4       "The case law concerning what constitutes 'good cause' under Rhines has not been
5   developed in great detail." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (citing Blake v.
6   Baker, 745 F.3d 977, 980 (9th Cir. 2014) ("There is little authority on what constitutes good
7   cause to excuse a petitioner's failure to exhaust."))  The Ninth Circuit has indicated that the
8   showing required for "good cause" is less than "extraordinary circumstances."  See Jackson v.
9   Roe, 425 F.3d 654, 661-62 (9th Cir. 2005) ("Although examination into Jackson's failure to
10  exhaust was proper, and indeed, necessary, under Rhines, we hold that the application of an
11  'extraordinary circumstances' standard does not comport with the 'good cause' standard
12  prescribed by Rhines.")
13      The Ninth Circuit has also provided that "good cause turns on whether the petitioner can
14  set forth a reasonable excuse, supported by sufficient evidence, to justify that failure."  Blake, 745
15  F.3d at 982, citing Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).  "While a bald assertion
16  cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify
17  a petitioner's failure to exhaust, will."  Blake, 745 F.3d at 982; contrast with Wooten v. Kirkland,
18  540 F.3d 1019, 1024 (9th Cir. 2008) (rejecting good cause showing where a petitioner indicated
19  he was "under the impression" that counsel had presented all claims presented in the state
20  appellate court to the state supreme court, reasoning that "[t]o accept that a petitioner's
21  'impression' that a claim had been included in an appellate brief constitutes 'good cause' would
22  render stay-and-obey [sic] orders routine.")
23  Discussion
24      In his motion, petitioner relies on the fact that he filed state court collateral challenges to
25  justify good cause and demonstrate petitioner's diligence.  However, as the court in Rhines
26  explained, petitioner must address all three prongs identified therein.  Petitioner has failed to do
27  so.  Indeed, in the order denying one habeas petition, the Sacramento County Superior Court
28  found that petitioner failed to demonstrate that the alleged newly-discovered evidence, David

Thompson's declaration dated in 2015, about four years before the petition was filed, "was presented without substantial delay." (ECF No. 1 at 10.) In the instant motion, petitioner fails to: demonstrate good cause for his failure to earlier exhaust his two unexhausted claims; explain his delay in doing so, demonstrating he was not engaged in intentional dilatory litigation tactics; and address the potential merit of such claims. Therefore, petitioner's motion must be denied. However, the motion is denied without prejudice to petitioner renewing his motion upon a proper showing.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's motion for stay (ECF No. 7) is denied without prejudice.

Dated: January 27, 2021

/jeff2414.sty

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3