1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ANDREW JEFFRIES,                        No.  2:20-cv-2414 JAM KJN P

12              Petitioner,

13       v.                                 FINDINGS AND RECOMMENDATIONS

14  KEN CLARK,

15              Respondent.

16

17          Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus

18  pursuant to 28 U.S.C. § 2254.  Presently before the court is respondent's motion to dismiss the

19  petition for failure to exhaust state remedies, and petitioner's motion for stay.  Both motions are

20  fully briefed.  As discussed below, the undersigned finds that respondent's motion should be

21  partially granted, and petitioner's motion should be granted.

22  I.  Background

23          A jury convicted petitioner of first degree murder and found true the special circumstance

24  that he intentionally killed the victim by lying in wait.  (ECF No. 13-1.)  The jury also found

25  petitioner guilty of possession of a firearm by a felon, willful infliction of corporal injury,

26  possession of a controlled substance, and falsifying a document.  (ECF No. 13-1.)  Petitioner was

27  sentenced to a state prison term of life without the possibility of parole plus a consecutive

28  determinative sentence of seven years.  (ECF No. 13-1, 2.)

Petitioner filed an appeal, and on August 28, 2019, the California Court of Appeal affirmed the judgment. (ECF No. 13-2.) Petitioner filed a petition for review in the California Supreme Court. (ECF No. 13-3.) The petition for review included claims one through five set forth in the instant federal petition. The California Supreme Court denied review on December 11, 2019. (ECF No. 13-4.)

Petitioner filed his first petition for writ of habeas corpus on January 6, 2014, which was dismissed by the Sacramento County Superior Court on March 3, 2014. (ECF No. 13-5, 6.)

On December 23, 2019, petitioner filed his second petition for writ of habeas corpus in the Sacramento County Superior Court. (ECF No. 13-7.) The superior court denied the petition on June 23, 2020. (ECF No. 13-8.)

On September 21, 2020, petitioner filed his third petition for writ of habeas corpus in the California Court of Appeal, No. C092696, which was pending at the time he filed the instant petition.

Petitioner filed the instant petition on November 30, 2020. (ECF No. 1.) On January 29, 2021, the California Court of Appeal denied the petition.[1]

On February 16, 2021, petitioner filed a fourth petition for writ of habeas corpus in the California Supreme Court, No. S267117, which is currently pending.

II. Petitioner's Claims

Petitioner raises seven claims: (1) prejudicial error occurred when the trial court failed to instruct on the natural and probable cause doctrine with felony assault and simple assault as target crimes; (2) the judgment should be reversed because of prior domestic violence evidence; (3) the judgment should be reversed as consideration of the charged offenses as propensity evidence deprived petitioner of equal protection and due process; (4) improper jury instructions allowed

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

petitioner to be found guilty of lying in wait special circumstance without proof he knew or intended this to happen; (5) erroneous instruction of uncharged conspiracy theory of liability to the jury as it is not a valid theory of accomplice liability; (6) ineffective assistance of counsel; and (7) newly discovered evidence (Mr. Thompson's declaration signed in 2015). (ECF No. 1.)

The petition for review filed in the California Supreme Court only raised claims one through five. (ECF No. 13-3.) Petitioner raised claims six and seven in his habeas petition filed in the state superior court and court of appeal, but did not raise such claims in the California Supreme Court until he filed his habeas petition on February 16, 2021, after he filed the instant petition. Thus, as petitioner concedes, claims six and seven are unexhausted, and the instant petition is a mixed petition.

III. <u>Motion for Stay</u>

Petitioner seeks to stay this action pending exhaustion of claims six and seven, which are currently pending in the California Supreme Court. <u>Jeffries (Andrew) on H.C.</u>, No. S267117 (Cal.). Respondent contends that petitioner failed to demonstrate he is entitled to such stay, and therefore must either delete his unexhausted claims and proceed with his exhausted claims or the entire petition must be dismissed. <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1026 (9th Cir. 2008) (citing <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005)). (ECF No. 12 at 3.)

Petitioner seeks a stay pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). Under <u>Rhines</u>, a district court may stay, in limited circumstances, a mixed petition pending exhaustion of unexhausted claims if: (1) the petitioner had good cause for his failure to exhaust; (2) his unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. <u>Id.</u>, 544 U.S. at 278. Each of these three conditions must be satisfied.

*Potentially Meritorious*

A <u>Rhines</u> stay requires the unexhausted claims to have potential merit. <u>Rhines</u>, 544 U.S. at 278. "A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." <u>Dixon</u>, 847 F.3d at 722 (quoting <u>Rhines</u>, 544 U.S. at 277). In recognition of the comity and federalism problems that are created

by assessing the merits of unexhausted claims before a state court has had a chance to rule on them, the Ninth Circuit has determined that this standard is met unless "it is perfectly clear that the petitioner has no hope of prevailing" in state court. Dixon, 847 F.3d at 722 (citing Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005)). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." Dixon, 847 F.3d at 722. After reviewing the state court petitions, the undersigned finds that at least one of petitioner's unexhausted claims set forth in claim six, involving multiple allegations of ineffective assistance of counsel,[2] is potentially meritorious. (ECF No. 13-7 at 3, 9-64; 13-9 at 3, 16-66.) It cannot be said at this stage of the proceedings that none of petitioner's ineffective assistance of counsel claims have "no hope of prevailing" in state court where additional evidence outside of the record can be further developed.[3] See Cullen v. Pinholster, 563 U.S. 170 (2011) (precluding factual development of claims for the first time on federal habeas review). Even though petitioner's federal habeas application is devoid of any details about the specific ineffective assistance of counsel claims, the state court petitions sufficiently allege colorable federal claims. See Cassett, 406 F.3d at 624. Therefore, the undersigned finds that petitioner has established that at least one of his unexhausted claims has potential merit.

    *Good Cause*

    "There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). Good cause does not require a showing of "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily

---

[2] Petitioner alleged, *inter alia*, that trial counsel failed to turn over discovery to petitioner, failed to investigate facts relating to that discovery, and failed to hire experts; and trial counsel should have presented exculpatory evidence that would have shown petitioner had no knowledge of, involvement in, or motive to commit the murder.

[3] The court finds it unnecessary to determine whether petitioner's seventh claim (newly discovered evidence) meets this same standard. That said, this court makes no finding as to the timeliness of petitioner's newly-discovered evidence claim, or as to the merits of such claim.

constitute 'good cause'" to excuse his failure to exhaust.  Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 278).  A petitioner may establish good cause when he does not have counsel in state post-conviction proceedings.  Dixon v. Baker, 847 F.3d 714, 721 (9th Cir. 2017).  On the other hand, a petitioner does not establish good cause simply by alleging that he was "under the impression" that his claim was exhausted.  Wooten, 540 F.3d at 1024.

Here, petitioner proceeded pro se throughout his collateral challenges.  He was unable to obtain all of his discovery until November 2, 2018, and did not receive all of his trial transcripts until December 11, 2019.  He provided copies of minute orders from hearings on his motions for postconviction discovery documenting his efforts to obtain such discovery.  (ECF No. 14 at 3-7.) Petitioner needed the trial transcripts in order to prepare his ineffective assistance of counsel claims.

In addition, petitioner points out that COVID-19 restrictions impaired his use of legal libraries and his ability to obtain legal supplies.  (ECF No. 16 at 4.)

Moreover, habeas petitioners in California are encouraged to file most claims of ineffective assistance of counsel first in the superior court, rather than in the higher state courts. See People v. Munoz, 157 Cal. App. 3d 999, 1018 (1984) ("except in unusual cases, the writ should be filed in the superior court for a factual determination on the issues presented . . ."); accord People v. Kendrick, 226 Cal. App. 4th 769, 778, n.4 (2014); see also Harris v. Superior Court, 500 F.2d 1124, 1128 n.6 (9th Cir. 1974), cert. denied, 420 U.S. 973 (1975) ("the preferred forum for the filing of habeas corpus petitions in California is, of course, still the Superior Court...").

Finally, the undersigned finds that petitioner's pro se status in his state petitions supports his claim that he had good cause for failing to first exhaust claim six.  See Dixon v. Baker, 847 F.3d 714, 721-22 (9th Cir. 2017) (fact that petitioner was without counsel in state post-conviction proceedings can constitute good cause under Rhines).

Accordingly, for all of the above reasons, the undersigned finds that petitioner has shown good cause for his failure to exhaust claim six.  See Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) (finding that good cause is established when petitioner submits a "reasonable excuse,

supported by sufficient evidence, to justify that failure" to previously exhaust state court remedies).

*Intentional Dilatory Tactics*

The last factor petitioner must establish to obtain a <u>Rhines</u> stay is diligence in pursuing relief. <u>Rhines</u>, 544 U.S. at 278.

The state court record, lodged by respondent on February 3, 2021, demonstrates petitioner did not unduly delay his ineffective assistance of counsel claims in state court. The California Supreme Court denied his petition for review on December 11, 2019. Shortly thereafter, on December 23, 2019, petitioner filed his habeas petition in the Sacramento County Superior Court. (ECF No. 13-7.) The superior court denied the petition on June 23, 2020. (ECF No. 13-8.) While there was a longer delay before petitioner filed his habeas petition in the California Court of Appeal on September 21, 2020, petitioner also states his filings were delayed by the COVID-19 virus and his inability to access the law library and obtain legal supplies. Given the pandemic, the undersigned does not find such delay unreasonable or intentional on petitioner's part. The state appellate court denied the petition on January 29, 2021, but petitioner did not file his petition for writ of habeas corpus in the California Supreme Court until February 16, 2021, after he filed the instant action and after respondent filed the motion to dismiss. But an 18-day delay is not unreasonable. The undersigned does not find that petitioner was engaging in "abusive litigation tactics or intentional delay" in bringing his ineffective assistance of counsel claims. <u>Rhines</u>, 544 U.S. at 278.

IV. <u>Conclusion</u>

Because petitioner has met all of the elements required under <u>Rhines</u>, his motion for stay should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be partially granted, in that claims six and seven are unexhausted.

2. Petitioner's motion for stay, pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), (ECF No. 14) be granted.

3.  The Clerk of Court be directed to administratively close this case.

4.  Upon the completion of state habeas review, petitioner is directed to file a motion to lift the stay within 30 days from the date of any decision by the California Supreme Court.

5.  Petitioner's failure to file the motion or to properly exhaust his state court remedies will result in an order lifting the stay of this case and claims six and seven will be dismissed as unexhausted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 17, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/jeff2414.mtd.sty.g

7